UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMETRIUS WELLS | CIVIL ACTION |
| VERSUS | NO. 07-6844 |
| MAJOR RANDY PINION | SECTION "R" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Demetrius Wells, is a convicted prisoner currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. Record Doc. No. 14. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Major Randy Pinion, the warden and custodian of inmate medical records at the Tangipahoa Parish jail. He alleges that while incarcerated in the Tangipahoa Parish jail in 2005, some of his medical records were lost or stolen while their custody was Major Pinion's responsibility. He seeks $75,000 in damages. Record Doc. No. 1 (Complaint at ¶ V).

After Wells filed his complaint, I ordered him to submit a written statement of the facts supporting his claims. Record Doc. No. 5. Wells complied with my order. Record Doc. No. 7.

The combination of plaintiff's original complaint and his subsequent statement of facts sets forth the following allegations. In the "Statement of Claim" section of his original complaint, Wells alleged that "Randy Pinion is/was Warden and Medical

Records Custodian at Tangipahoa Parish Prison. I sustained an injury at the prison and I filed suit. Randy Pinion signed an Affidavit saying the medical records concerning my injury has (sic) been lost or stolen. Due to his negligence in the keeping of my medical records, especially the medical records concerning a particular injury, (1) he has broken my confidentiality as a patient, (2) its (sic) hard to get the proper medical treatment in the future, without those medical records and (3) it jeopardized my legal case. It has caused me severe mental anguish. My right to patient confidentiality has been broken." Record Doc. No. 1 (Complaint at Paragraph IV). In the "Relief" section of his original complaint, Wells stated that he seeks $75,000 in compensatory damages for Pinion's actions. Id. at Paragraph V. He also alleged that "[t]hose medical records are personal and very private. An inmate could have gotten the records which means he'll have access to my Social Security #, address and etc." Id.

In his written statement of facts filed in response to my order, Wells further explained that "[d]uring my case against the (2) two physicians that work at Tangipahoa Parish Jail, their counsels (sic) told the Judge [Magistrate Judge Sally Shushan] and I that the medical records concerning my injury were lost or stolen." Record Doc. No. 7. (Response to Order at Paragraph 3). He alleged that Major Pinion had submitted an affidavit in connection with that case in which Pinion stated that, as warden and custodian of inmate medical records, "he was responsible" and that "the medical records

2

concerning the injury to my hand that happened June 5th 2005 was either lost or stolen. Only the medical records concerning my injured right hand and torn tendon were lost or stolen. These records were needed to support my case against the doctors whom (sic) worked for Tangipahoa Parish Prison." Id.

As alleged in Paragraph I(B)(3) of the original complaint, the records of this court confirm that the previous "legal case" Wells refers to in his complaint is "Demetrius Wells v. Sheriff Daniel Edwards et al.," C.A. No. 06-1054-K(1), in this court. In that case, Wells alleged that he received constitutionally inadequate medical care from the Lallie Kemp Regional Medical Center, Dr. Arthur Mauterer and Dr. Reginald Goldsky for injuries to his right hand and face. All claims concerning his medical care were ultimately dismissed because plaintiff could make no showing that constitutionally inadequate medical care had been provided given the undisputed facts of Wells's claims. Record Doc. Nos. 75 and 90 in C.A. No. 06-1054 K(1).

## ANALYSIS

### I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are

frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

Thus, a complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section

1915(d) standard is not." <u>Moore</u>, 976 F.2d at 269.  A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed, either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims.  Plaintiff's complaint, as amended by his testimony at the <u>Spears</u> hearing, fails to state a cognizable claim of violation of his constitutional rights, even under the broadest reading.[1]

## II.     SECTION 1983 CLAIM: LOSS/DEPRIVATION OF PROPERTY

Wells claims that some of his medical records were lost or stolen while their custody was Major Pinion's responsibility.  Construed broadly, these allegations may constitute a complaint that Wells was deprived of his property in violation of his due process rights.  However, plaintiff fails to state a cognizable Section 1983 claim on this ground, and his claim must be dismissed.

In deciding whether state action has violated an individual's right to due process, the court must address two questions: "whether the state action has deprived the individual of a protected interest--life, liberty or property," and if so, "whether the state procedures available for challenging the deprivation satisfy the requirements of due

---

[1] Pro se civil rights complaints must be broadly construed, <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

5

process." Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984); accord Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988); Cuellar v. Texas Employment Comm'n, 825 F.2d 930, 934 (5th Cir. 1987).

The United States Supreme Court has consistently ruled that a prisoner's property and due process rights are circumscribed by his custodial status. In general, the Supreme Court has ruled that a state actor's random and unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a violation of due process rights if the state provides an adequate post-deprivation remedy. Alexander v. Ieyoub, 62 F.3d 709, 712 (5th Cir. 1995) (citing Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); accord Wilson v. Holt, 158 Fed. Appx. 546, 2005 WL 3420898, at *1 (5th Cir. 2005).

More specifically, in Parratt, a state prisoner, like Wells, sued prison officials under Section 1983 alleging that their negligent loss of a hobby kit he had ordered from a mail order catalog deprived him of property without due process of law. The United States Court of Appeals for the Eighth Circuit affirmed the district court's summary judgment in the prisoner's favor, but the Supreme Court reversed, finding that no due process violation occurs when a state employee negligently deprives a prisoner of

property, provided that the state makes available a meaningful post-deprivation remedy. Parratt, 451 U.S. at 543-44 (cited in Hudson, 468 U.S. at 532).

In Hudson, a state prisoner filed suit under Section 1983, alleging that the correctional officer defendants had "conducted a 'shakedown' search of (the prisoner's) locker and cell for contraband," and had "intentionally destroyed certain of his noncontraband personal property during the . . . search." Hudson, 468 U.S. at 519-20. The Court specifically approved the conduct by prison officials of "wholly random searches" or "routine shakedowns of prison cells" as "essential" to the effective security and administration of prisons. Id. at 529. Finding that the state had provided an adequate post-deprivation remedy for the alleged destruction of the prisoner's property, the Court found no violation of the prisoner/plaintiff's rights actionable under Section 1983. "We hold that the Fourth Amendment has no applicability to a prison cell. We hold also that, even if (the officers) intentionally destroyed (the prisoner's) property during the challenged shakedown search, the destruction did not violate that Fourteenth Amendment since the (state) has provided (the prisoner) an adequate post-deprivation remedy." Id. at 536.

The Fifth Circuit has clearly recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. Hutchinson v. Prudhomme, 79 Fed. Appx. 54, 2003 WL 22426661, at *1 (5th Cir. 2003); Copsey v.

Swearingen, 36 F.3d 1336, 1342-43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

Thus, the deprivation of property alleged by Wells in this case, whether negligent or intentional, is precisely the kind of prisoner's claim as to which the Fifth Circuit has consistently affirmed dismissals by applying the Parratt/Hudson doctrine. See, e.g., Hutchinson, 2003 WL 22426661, at *1 (affirming dismissal of prisoner's claim "that prison personnel mishandled and embezzled funds deposited in his inmate account" because Louisiana law provides an adequate post-deprivation remedy). Such dismissals are mandated, even when the plaintiff has alleged that the property deprivation violates some prison regulation or policy. See Myers v. Klevenhagen, 97 F.3d 91 (5th Cir. 1996) (no due process violation when prison officials debited inmate's prison account to pay for medical services provided in prison, even when the action violated the prison's own policies, procedures or regulations); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994) (inmate's Section 1983 claim that his dictionary (later destroyed as contraband), cup and bowl were confiscated without regard to prison policy was properly dismissed when adequate state post-deprivation remedies existed).

Plaintiff's state law remedy for the alleged negligent or intentional deprivation of his property lies in a conversion or other tort suit for damages in state court. Because no constitutional violation has been alleged, his complaint in this court fails to state a claim

for which relief may be granted pursuant to Section 1983 and/or is legally frivolous and must be dismissed. Wells remains free to pursue his claim concerning his lost or stolen medical records in state court.

## III.   FIRST AMENDMENT ACCESS TO THE COURTS

Wells also alleges that the lost medical records were needed to support his prior civil case in this court concerning his medical care and that the unavailability of those records harmed his case. Viewed broadly, this claim may allege that defendant's loss of his medical records denied him the kind of access to the courts protected by the First Amendment. Prisoners have a First Amendment right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977); Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (quotation omitted) (emphasis added).

Significantly, to state a claim that his constitutional right of access to the courts was violated, Wells must demonstrate that his position as a litigant was actually prejudiced. Lewis v. Casey, 518 U.S. 343, 356 (1996); Cochran v. Baldwin, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); Eason, 73 F.3d at 1328;

9

Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  The inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim."  Lewis, 518 U.S. at 351.

    Wells wholly fails to establish the foregoing essential elements of his First Amendment claim in either his complaint or his testimony in two distinct ways.  First, it is clear that plaintiff was able to submit materials sufficient to prosecute his civil case before Magistrate Judge Shushan in this court.  Review of the record in C.A. No. 06-1054 establishes that Wells's civil action concerning his medical care proceeded well beyond the initial screening phase and was scheduled for trial at one point.  Record Doc. No. 55 in C.A. No. 06-1054.  The case was ultimately resolved on two motions for summary judgment.  Except for the lost medical records, which are addressed below, the record is clear that Wells was able to prepare and transmit all necessary legal documents concerning his case to the court. Therefore, it must be concluded that his First Amendment right, which encompasses nothing more than the ability to prepare and transmit a necessary legal document to a court, Eason, 73 F.3d at 1328, was not violated in this regard.

    Wells also asserts that his case was harmed by his inability to obtain the lost medical records.  However, it is clear from review of Magistrate Judge Shushan's summary judgment orders in favor of the defendant doctors that the absence of the

medical records -- which was clearly considered by her -- resulted in <u>no</u> actual legal prejudice to Wells's position as a litigant of the type required by <u>Lewis</u>. Record Doc. Nos. 75, 80, 90 and 101. "[C]ausation is an element of a section 1983 claim; [defendants'] actions must have actually caused the deprivation . . . of which [plaintiff] complains." <u>Hart v. O'Brien</u>, 127 F.3d 424, 446 (5th Cir. 1997), <u>abrogated in part on other grounds as recognized in</u> <u>Spivey v. Robertson</u>, 197 F.3d 772 (5th Cir. 1999). In <u>Lewis</u>, the Supreme Court made clear that an inmate <u>must establish actual injury</u> to state a claim for denial of his right of access to the courts.

In examining the particular claims of the inmates in the <u>Lewis</u> case, the Court stated that the First Amendment right of prisoners to access to the courts is the right to "have a reasonably adequate opportunity to file <u>non</u>frivolous legal claims challenging their convictions or conditions of confinement." <u>Lewis</u>, 518 U.S. at 356 (emphasis added). When a prisoner claims that defendants' actions have impeded his ability to prosecute a particular lawsuit, he fails to state a First Amendment claim for which relief can be granted if "[t]here has been no action in that suit adverse to Plaintiff or his claims." <u>Hawley v. Cline</u>, No. 1:06-cv-221, 2006 WL 1275285, at *2 (W.D. Mich. May 8, 2006).

Applying the foregoing standard, Wells has <u>not</u> identified any actual injury to his prior civil case in this court. Magistrate Judge Shushan's summary judgment orders are

11

clear that the record before her concerning plaintiff's medical care was extensive and sufficient for her rulings, which dismissed the doctors on grounds that no showing of deliberate indifference could be made and/or that the claim related merely to the medical judgment exercised by the doctors, such that Wells could not establish any element of a constitutional claim. Magistrate Judge Shushan was clearly apprised by Pinion's affidavit submitted to her that some medical records had been lost. Yet, she found the substantial evidentiary record that was in fact submitted to her wholly adequate to address plaintiff's claims on summary judgment. See, e.g., Record Doc. No. 101 (additional medical evidence submitted by plaintiff found "not needed in this case"). Given the basis for the court's extensive written rulings, it is clear that the absence of the lost medical records had no effect on plaintiff's case, that the lost additional medical records would have had no effect on the rulings, and that the kind of actual legal prejudice required by Lewis therefore cannot be established in the instant case. It is also clear that Wells was able to file all necessary pleadings in the prior civil case. See Bell v. Mason, 82 Fed. Appx. 401, 2003 WL 22903120, at *1 (5th Cir. 2003) (plaintiff's argument that he was denied access to the courts was "frivolous as Bell was allowed to file his complaint and was given ample opportunity to develop his claims") (citing Lewis, 518 U.S. at 355-56).

For all of the foregoing reasons, Wells's claim concerning inadequate access to the courts based on his lost medical records is legally frivolous and fails to state a claim upon which relief can be granted under Section 1983.

## IV.     PRIVACY RIGHTS

Wells also asserts that his "patient confidentiality" rights were violated by the loss of his medical records. A prisoner has no clearly recognized constitutional right in the privacy of his medical records, particularly not in the Fifth Circuit. Although a small number of federal courts have recognized such a right in extremely limited circumstances, others have declined to recognize such a right and instead have stated that "whether inmates have a constitutional right to privacy in their medical records is far from settled. Although [the Second and Third Circuit] courts of appeals have recognized such a right, the Court of Appeals for the Seventh Circuit has not." Cole v. Litscher, No. 04-C-116-C, 2005 WL 1075515, at *5 (W.D. Wis. May 6, 2005) (Crabb, J.) (citing Massey v. Helman, 196 F.3d 727, 742 n.8 (7th Cir. 1999) ("'Whether prisoners have any privacy rights in their prison medical records and treatment appears to be an open question.'") (internal citation omitted); Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001); Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999)).

In Cole, for example, the district court rejected the existence of such a right in the factual circumstances described in that case. The court stated that it was

13

> inclined to view any disclosure of information about plaintiff's high blood pressure as too innocuous to amount to a violation of any constitutional right to privacy plaintiff might have. . . . Even [if] plaintiff had shown that his file contained sensitive information, he has not submitted evidence showing that the security officers who were given plaintiff's medical history opened the envelope it came in and read through it. This appears to be pure speculation on plaintiff's part.

Id.

By contrast, the Second and Third Circuits have recognized such a right only in the very limited context of either HIV-positive or transsexual status, in part because of "the social stigma, harassment, and discrimination that can result from public knowledge of one's affliction with AIDS," Doe v. Southeastern Pa. Transp. Auth. (SEPTA), 72 F.3d 1133, 1140 (3d Cir. 1995), and "[t]he excruciatingly [sic] private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter." Powell, 175 F.3d at 111. "It is beyond question that information about one's HIV-positive status is information of the most personal kind and that an individual has an interest in protecting against the dissemination of such information." Doe v. Delie, 257 F.3d at 317 (citing Doe v. SEPTA, 72 F.3d at 1140; Powell, 175 F.3d at 112).

In the instant case, Wells has no serious or extremely sensitive medical condition, such as HIV, that might entitle him to the very limited constitutional protection recognized in two circuits, but not the Fifth Circuit. Other courts have recognized that prisoners do not have a constitutional privacy interest in other types of medical

14

conditions, which, even though potentially embarrassing, are not of the "[t]he excrutiatingly [sic] private and intimate nature" of HIV and transsexualism. See, e.g., Rodriguez v. Ames, 287 F. Supp. 2d 213, 220 (W.D.N.Y. 2003) (Larimer, J.) (prisoner had no privacy interest in diagnosis of "proctitis, a nontoxic inflammation of the mucose tissue of the rectum, and internal hemorrhoids"); Webb v. Goldstein, 117 F. Supp. 2d 289, 298 (S.D.N.Y. 2000) (no right to privacy in information concerning treatment for various genital conditions). Thus, there is no clearly established constitutional right to privacy in a prisoner's medical records, and particularly not in the circumstances described by Wells.

The only other possible basis on which Wells may base a federal claim in this case is the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, §§261-264, 110 Stat. 1936 (1996). HIPAA is the federal statute which generally provides for confidentiality of medical records.

However, HIPAA provides no express or implied private cause of action for its violation, and the Fifth Circuit and other courts have consistently rejected any argument to the contrary, as have the legal commentators who have examined the statute. Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Cassidy v. Nicolo, No. 03-CV-6603-CJS, 2005 WL 3334523, at *5-6 (W.D.N.Y. Dec. 7, 2005) (Siragusa, J.) (citing University of Colo. Hosp. Auth. v. Denver Publ. Co., 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004);

15

Brock v. Provident Am. Ins. Co., 144 F. Supp. 2d 652, 657 (N.D. Tex. 2001); O'Donnell v. Blue Cross Blue Shield, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001); Wright v. Combined Ins. Co. of Am., 959 F. Supp. 356, 363 (N.D. Miss. 1997); Means v. Individual. Life & Accident Ins. Co., 963 F. Supp. 1131, 1135 (M.D. Ala. 1997); A. Craig Eddy, A Critical Analysis of Health and Humans Services' Proposed Health Privacy Regulations in Light of the Health Insurance Privacy and Accountability Act of 1996, 9 Annals Health L. 1, 32 (2000); Francoise Gilbert, Emerging Issues in Global Aids Policy; Preserving Privacy, 25 Whittier L. Rev. 273, 289 (2003); Joy L. Pritts, Altered States: State Health Privacy Laws and the Impact of the Federal Health Privacy Rule, 2 Yale J. Health Pol'y L. & Ethics, 325, 343 (2002); Frederick Y. Yu, Medical Information Privacy under HIPAA: A Practical Guide, Colorado Lawyer, May 2003, at 22)).

"In the absence of any argument on plaintiff's behalf that HIPAA authorizes a private right of action, the court declines to find one sue sponte." Cassidy, 2005 WL 3334523, at *6.

## V. STATE LAW CLAIMS

Any claims asserted by plaintiff that would constitute negligence under state law are not within this court's supplemental subject matter jurisdiction in the absence of a cognizable federal claim. If my recommendation to dismiss plaintiff's Section 1983

16

claims is accepted by the presiding district judge, plaintiff will have no federal claims remaining in this action, and the court will have no supplemental jurisdiction over his state law claims.  28 U.S.C. § 1367(a).

A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c)(3).  The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."  Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

In the instant case, no trial date has been set and the parties have not yet commenced discovery.  These proceedings remain at the earliest screening stage for pro se and in forma pauperis complaints.  No possible basis for federal subject matter jurisdiction is apparent from the face of this complaint. Accordingly, pursuant to Section 1367(c) and having balanced the relevant factors of judicial economy, convenience, fairness, and comity, the court should decline to exercise jurisdiction over Wells's state

law claims and dismiss them without prejudice for all purposes contemplated by 28 U.S.C. § 1367(d).  Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992); Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 307 (5th Cir. 1991).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), and that his state law negligence claims be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  28th  day of January, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE